IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )     Case No.  12-cr-86<br>)<br>RUSSELL J. FORSMAN )<br>)<br>     Defendant. )<br>) | |

PRELIMINARY ORDER OF FORFEITURE

Based upon the motion of the United States, the entire file in this case, and good cause appearing, the Court finds that:

1.     On July 11, 2012, a federal grand jury sitting in Madison, Wisconsin, return an indictment against defendant Russell J. Forsman. Count 1 charged receipt of visual depictions that had previously been transported in interstate and foreign commerce, and the production of such visual depictions involved the use of minors engaging in sexually explicit conduct, and the depictions were of such conduct, specifically, the defendant received an e-mail from "Jimmy Sanders" that contained images of minors engaged in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252(a)(2). Count 2 charged possession of CDs containing visual depictions that were produced using materials which had previously been shipped in interstate and foreign commerce, specifically said CDs, and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct, and the depictions are of such conduct, in

violation of Title 18, United States Code, Section 2252(a)(4). The indictment also contained a forfeiture allegation for the forfeiture of:

    a.    a Seagate 160GB HD, model 9W6044-570, S/N 5MT0XYQK;

    b.    a Lacie storage area network, model 300963R, S/N 161200009;

    c.    a Western Digital 250GB HD, model WD2500JB-00GVC0, S/N WCAL78365500;

    d.    a Western Digital 250GB HD, model WD2500JB-00GVC0, S/N WCAL78406809;

    e.    a Western Digital 250GB HD, model WD2500JB-00GVC0, S/N WCAL78436757;

    f.    a Western Digital 250GB HD, model WD2500JB-00GVC0, S/N WCAL78364642;

    g.    a Sony VAIO PCV-2234, S/N 3041548;

    h.    a Hitachi 123.5 GB HD, model HDS722512VLAT20, S/N C3C557DK;

    i.    a Maxtor 40GB HD, model 94091U8, S/N G80BB27C;

    j.    a Miscellaneous CDs and DVDs;

    k.    a HP CPU, model P6604Y, S/N 3CR0371H35;

    l.    a Hitachi 1TB HD, model HDS721010CLA332, S/N JP2940HD28GKGC;

    m.    a Compaq Presario 5000, S/N 3D1BJXDS7761; and

    n.    a Seagate 40GB HD, model ST340810A, S/N 5FB18NVM.

2.    On January 22, 2013, the defendant entered a plea of guilty to Count 1 of the indictment, pursuant to a written plea agreement. The plea agreement provided that the defendant agrees to the forfeiture of the property described in the indictment.

IT IS THEREFORE ORDERED:

1.      That based upon Russell J. Forsman's guilty plea, and pursuant to Title 18, United States Code, Section 2253; Title 21, United States Code, Section 853; and Rule 32.2 of the Federal Rules of Criminal Procedure, the defendant forfeits to the United States his right, title, and interest in the following:

a.      a Seagate 160GB HD, model 9W6044-570, S/N 5MT0XYQK;

b.      a Lacie storage area network, model 300963R, S/N 161200009;

c.      a Western Digital 250GB HD, model WD2500JB-00GVC0, S/N WCAL78365500;

d.      a Western Digital 250GB HD, model WD2500JB-00GVC0, S/N WCAL78406809;

e.      a Western Digital 250GB HD, model WD2500JB-00GVC0, S/N WCAL78436757;

f.      a Western Digital 250GB HD, model WD2500JB-00GVC0, S/N WCAL78364642;

g.      a Sony VAIO PCV-2234, S/N 3041548;

h.      a Hitachi 123.5 GB HD, model HDS722512VLAT20, S/N C3C557DK;

i.      a Maxtor 40GB HD, model 94091U8, S/N G80BB27C;

j.      a Miscellaneous CDs and DVDs;

k.      a HP CPU, model P6604Y, S/N 3CR0371H35;

l.      a Hitachi 1TB HD, model HDS721010CLA332, S/N JP2940HD28GKGC;

m.      a Compaq Presario 5000, S/N 3D1BJXDS7761; and

n.      a Seagate 40GB HD, model ST340810A, S/N 5FB18NVM.

3

2.      The United States Marshals Service is directed to seize and take custody of the above-referenced property.

3.      Pursuant to 21 U.S.C. § 853 (n), as incorporated by 18 U.S.C. § 2253(b), the United States shall publish notice of the order and of its intent to dispose of property in such a manner as the Attorney General may direct.  Any other person, other than the defendant, having or claiming a legal interest in any of the forfeited property must file a petition with the Court within thirty days of final publication notice or receipt of actual notice, whichever is earlier.

a.      The petition shall be for a hearing to adjudicate the validity of a petitioner's alleged interest in the forfeited asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited asset and any additional facts supporting the petitioner's claim and the relief sought.

b.      The United States may also, to the extent practicable, provide direct written notice to any person who has an alleged interest in the forfeited asset, as a substitute for published notice.

4.      Upon adjudication of any and all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

ORDERED this 30th day of January 2013.

WILLIAM M. CONLEY
United States District Judge

4